1  Kevin P. McNamara, State Bar No. 180690
   kmcnamara@tlsslaw.com
2  Nare Avagyan, State Bar No. 292608
   navagyan@tlsslaw.com
3  **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
   626 Wilshire Boulevard, Suite 800
4  Los Angeles, California 90017
   Telephone: (213) 624-4500
5  Facsimile: (213) 624-0820

6  Attorneys for Defendant,
7  FIDELITY SECURITY LIFE INSURANCE COMPANY

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11 MARINA BRIK,                           ) Case No.: 2:18-CV-00048
                                          )
12          Plaintiff,                    )
                                          )
13     vs.                                ) NOTICE OF REMOVAL OF ACTION
                                          ) UNDER 28 U.S.C. SECTION 1441(b)
14 FIDELITY SECURITY LIFE                 ) DIVERSITY; DEMAND FOR JURY
15 INSURANCE COMPANY and  DOES            )
   1 to 20, inclusive,                    ) [Filed concurrently with Declaration of
16                                        ) Paul Mandry]
           Defendants.                    )
17                                        )
                                          ) Complaint filed: August 21, 2017
18

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE THAT Defendant FIDELITY SECURITY LIFE

21 INSURANCE COMPANY ("Defendant" or "FSLIC") hereby removes to this

22 Court the state court action described below pursuant to 28 U.S.C. Section

23 1441(b).

24        1.    On August 21, 2017, an action was commenced in the Superior

25 Court of the state of California in and for the County of Los Angeles, entitled

26 *Marina Brik v. Fidelity Security Life Insurance Company*, bearing Case Number

27 BC673211.  A copy of the summons and complaint is attached hereto as Exhibit

28 A.

---

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY;
DEMAND FOR JURY

2.     On December 4, 2017, Defendant FSLIC was served with Plaintiff's complaint. This date was FSLIC'S first notice of the filing of this action.

3.     FSLIC filed an answer in the Los Angeles Superior Court, County of Los Angeles before removing this action. A copy of the Answer of FSLIC that was filed in the State Court Action is attached hereto as Exhibit B. To FSLIC's knowledge, no other pleadings were filed in the State Court Action.

4.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by FSLIC pursuant to the provisions of 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     Complete diversity of citizenship exists because Plaintiff is a citizen of the state of California, and Defendant FSLIC is a citizen of the State of Missouri. FSLIC was and is a corporation incorporated under the laws of the State of Missouri and is headquartered in the State of Missouri.

6.     For diversity purposes, an individual's "state citizenship is...determined by her state of domicile[.]" (*Kanter v. Warner-Lambert Co.* (2001) 265 F.3d 858, 857-58.) "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." (Ibid., citing *Lew v. Moss* (1986) 797 F.2d 747, 749.) Plaintiff alleges in her Complaint that she is a resident of the County of Los Angeles, California. (Exhibit A., Complaint, ¶ 1.) Accordingly, for diversity purposes, Plaintiff is a citizen of California.

7.     28 U.S.C. Section 1332(c) provides that a corporation is deemed to be a citizen of every state "by which it has been incorporated and of the State...where it has its principal place of business[.]" A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Hertz Corp. v. Friend* (2010) 559 U.S.

2

---

77.)   This is "normally…the place where the corporation maintains its headquarters[.]" (Ibid.)

8.   FSLIC is a corporation that has been incorporated in the State of Missouri and has its principal place of business in Missouri.  FSLIC maintains its headquarters in Missouri.  Thus, for purposes of diversity jurisdiction, FSLIC is a citizen of the State of Missouri.  FSLIC is neither incorporated in, has its principal place of business in, nor has its headquarters in California.  It is not a citizen of the State of California.

9.   The stated amount in controversy exceeds $25,000.00.  (See Exhibit A, Civil Cover Sheet.)  However, Plaintiff's Complaint does not specify a particular amount of damages.  Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence, i.e., that it is "more likely than not" that the amount in controversy exceeds $75,000.  (*Sanchez v. Monumental Life Ins. Co.* (1996) 102 F.3d 398, 404.)

10.   This is not a high burden, and courts recognize that, under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages."  (*Korn v. Polo Ralph Lauren Corp.* (2008) 536 F.Supp. 2d 1199, 1204-05.)

11.   In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider:  (a) the allegations in the complaint, facts in the removal petition, and any summary-judgment-type evidence submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law; and (e) attorneys' fees, if they are authorized by statute. (See e.g., *Matheson v. Progressive Specialty Ins. Co.* (2003) 319 F.3d 1089, 1090; *Gibson v. Chrysler Corp.* (2001) 261 F.3d 927, 947); *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dis. LEXIS 160051, at *4-*5 (C.D. Cal. Oct. 31,

3

2012).  A district court may also make estimates of the amount in controversy. (*Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 U.S. Dist. LEXIS 130082, at *6 (E.D. Cal. Sept. 11, 2013).

12.    The court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild Tr. V. Morgan Stanley Dean Witter* (2002) 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

13.    In this case, Plaintiff brings causes of action for breach of insurance contract and breach of the covenant of good faith and fair dealing.  (See Exhibit A, Complaint, ¶¶ 7-23.)  Plaintiff alleges she did not return to work and did not work at least thirty hours per week since September 30, 2014, and FSLIC denied Plaintiff's claim for benefits.  (Id., ¶¶ 6, 9.)  Plaintiff claims she suffered, and continues to suffer, damages, including in the form of lost benefits under the insurance policy.   (Id., ¶ 13.)   Plaintiff seeks general, special, actual, consequential, and compensatory damages.  (Id., ¶ 14, p. 6, ¶ 3.)  Plaintiff also seeks an award of interest on that amount.  (Id., p. 6, ¶ 4.)  Plaintiff also seeks exemplary and punitive damages.  (Id., p. 6, ¶ 5.)  Plaintiff also seeks attorneys' fees incurred in obtaining benefits due under the insurance policy.  (Id., p. 6, ¶ 6.)

14.    Plaintiff was covered under two separate certificates under the DI139D Group Disability Income Policy for Injury or Sickness, underwritten by FSLIC. (Declaration of Paul Mandry ("Mandry Dec."), ¶ 3.)  The first certificate, number 70280, was effective February 1, 2009 with a $10,000 maximum monthly benefit.  (Ibid.)  The second certificate, number 70729, was effective April 1, 2010 with a $5,000 maximum monthly benefit. (Ibid.)   Thus, the Maximum Monthly Benefit Amount was $15,000.00.  (Ibid.)  However, the Monthly Benefit Amount for a period of total disability for nervous or mental disorders was paid at 50% of the Monthly Benefit Amount and had a Maximum Benefit Period before age 65 of six months.  (Ibid.)   The policy for each certificate had a 90 day

4

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY;
DEMAND FOR JURY

1    elimination period for nervous and mental disorders. (Ibid.)

2       15.    FSLIC approved disability benefits to Plaintiff during the period of

3 October 1, 2014 through June 29, 2015 due to Plaintiff's diagnosis of depression.

4 (Id., ¶ 4.) FSLIC paid Plaintiff fifty percent of the Monthly Benefit Amount,

5 because Plaintiff's disability condition was a nervous or mental disorder. (Ibid.)

6 Plaintiff never contested that the benefits were properly paid at fifty percent due

7 to the policy's limit for disability caused by a mental disorder. (Ibid.) FSLIC

8 paid these benefits to Plaintiff for six months, the maximum under each

9 certificate. (Ibid.)

10       16.    FSLIC paid Plaintiff her final benefit payment on June 29, 2015 and

11 terminated Plaintiff's benefits as of June 30, 2015. (Id., ¶ 5.) At the time of

12 FSLIC's termination of Plaintiff's benefits, Plaintiff was receiving monthly

13 benefits of $7,500.00. (Ibid.)

14       17.    FSLIC is informed and believes that Plaintiff seeks $15,000, the

15 Maximum Monthly Benefit Amount, in monthly benefits from the date of the

16 termination of the benefits (i.e., June 30, 2015) to the present. (Id., ¶ 6.) In such

17 case, the amount of lost benefits Plaintiff seeks totals $450,000, which is

18 calculated by multiplying the Maximum Monthly Benefit Amount of $15,000 by

19 30 months, the amount of months since the date of termination of Plaintiff's

20 benefits, an amount which exceeds the $75,000 jurisdictional minimum for

21 diversity cases. (Ibid.)

22       18.    When assessing attorneys' fees for the purposes of determining the

23 amount in controversy, a court should consider "the amount that can reasonably

24 be anticipated at the time of removal, not merely those already incurred."

25 (*Simmons*, *supra*, 209 F.Supp.2d at 1035.)

26       19.    Based on the allegations in the Complaint and the evidence

27 submitted by FSLIC, the amount in controversy exceeds $75,000.

28       20.    Based on the facts set forth above, this Court has original diversity

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY;
DEMAND FOR JURY

jurisdiction over this action pursuant to 28 U.S.C. Section 1332.

21.     FSLIC is the only named defendant and it and consents to this Notice of Removal as evidenced by the signature of its counsel below.

22.     Plaintiff originally filed her action in the Superior Court of California for the County of Los Angeles.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1391 and 1441(a), because it encompasses the county in which the action is currently pending.

23.     Written notice of the filing of this Notice of Removal will promptly be served on all parties as required by 28 U.S.C. Section 1446(d), and FSLIC will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Los Angeles County Superior Court, as required by 28 U.S.C. Section 1446(d).

24.     By filing this Notice of Removal, FSLIC does not waive any of its affirmative defenses including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

25.     WHEREFORE, Defendant FSLIC hereby removes this action now pending in the Superior Court of the State of California, County of Los Angeles, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated: January 3, 2018              TRAUB LIEBERMAN STRAUS &
                                    SHREWSBERRY LLP


                                    By:  /s/ Kevin P. McNamara
                                         Kevin P. McNamara Esq.
                                         Nare Avagyan, Esq.
                                         Attorneys for Defendant,
                                         FIDELITY SECURITY LIFE
                                         INSURANCE COMPANY

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY;
DEMAND FOR JURY

1

## **DEMAND FOR JURY**

2     Defendant  FIDELITY  SECURITY  LIFE  INSURANCE  COMPANY

3   requests a trial by jury as to all claims triable by a jury.

4

5   Dated:  January 3, 2018                 TRAUB LIEBERMAN STRAUS &

6                                           SHREWSBERRY LLP

7

8                                           By:/s/ Kevin P. McNamara

9                                                Kevin P. McNamara Esq.

10                                               Nare Avagyan, Esq.

11                                               Attorneys for Defendant,
                                                 FIDELITY SECURITY LIFE

12                                               INSURANCE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY;
DEMAND FOR JURY

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 626 Wilshire Boulevard, Suite 800, Los Angeles, California 90017.

    On January 3, 2018, I served the foregoing document described as ***NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) DIVERSITY; DEMAND FOR JURY*** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated below:

**SEE ATTACHED SERVICE LIST**

[x]   **BY MAIL** – I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in the affidavit.

[ ]   **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by *****.

[ ]   **VIA FACSMILE** – I faxed said document, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

[ ]   **BY EMAIL** – I transmitted a PDF version of this document by electronic mail to the party(s) identified above, using the e-mail address(es) as indicated.

[ ]   **BY OVERNIGHT MAIL** – I deposited such envelope for collection and delivery by ***** with delivery fees paid or provided for in accordance with ordinary business practices.  I "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by *****.  They are deposited with a facility regularly maintained by ***** for receipt on the same day in the ordinary course of business.

[x]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 3, 2018 at Los Angeles, California.

_____
DIANE MORRIS

1

*Brik v. Fidelity Security Life Insurance Company, et al.*
## SERVICE LIST

| William S. Leonard, Esq.<br>LAW OFFICES OF WILLIAM S.<br>LEONARD, APLC<br>16830 Ventura Boulevard, Suite 500<br>Encino, CA 91436<br>T: (818) 205-9992/F: (818) 205-9994<br>Email: wsllaw@yahoo.com | *Attorneys for Plaintiff, Marina Brik* |
| --- | --- |

2

PROOF OF SERVICE & SERVICE LIST